UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------X
NAUTILUS INSURANCE COMPANY,

        Plaintiff,

V.

HORAN BUILDING COMPANY, INC.
AND SEGUNDO MAYANCELA,

        Defendants.
---------------------------------------------------------X

C.A. No.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Nautilus Insurance Company, by and through its attorneys Morrison Mahoney LLP, as and for its Complaint against Defendants, Horan Building Company, Inc. and Segundo Mayancela, hereby alleges as follows:

### Nature of the Action

1.    This is an action seeking declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, for the purpose of resolving a dispute about the obligation of Nautilus Insurance Company ("Nautilus"), if any, under an insurance policy issued to Horan Building Company, Inc. ("Horan Building") to indemnify Horan Building for a personal injury law suit brought against it by Segundo Mayancela ("Mayancela").

### Parties

2.    Plaintiff Nautilus is an insurance company that is organized under the laws of the State of Arizona with its principal place of business at 7233 East Butherus Drive in Scottsdale, Arizona.

3.    Defendant Horan Building is a Rhode Island corporation with its principal place of business at 174 Bellevue Avenue in Newport, Rhode Island.

810457v.1

4. Defendant Segundo Mayancela is a citizen of the State of New Jersey residing at 508 First Street in Elizabeth, New Jersey.

## Jurisdiction and Venue

5. This is an action for declaratory judgment under 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

6. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and the parties are diverse.

7. Venue is proper in this district under 28 U.S.C. § 1391 as all defendants have sufficient contacts with the State of Rhode Island and all of the events giving rise to this claim occurred in this judicial district.

8. There is an actual controversy between and among the parties.

## Factual Allegations

### *The Nautilus Insurance Policy*

9. On December 15, 2013 Nautilus issued Policy No. NN402600 ("the Nautilus Policy") to Horan Building Company of Newport, Rhode Island.

10. A complete and authentic copy of the Nautilus Policy is attached hereto as Exhibit A to this Complaint.

11. Under the terms of the Commercial General Liability insurance coverage provided by this policy, Nautilus agreed:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result

12. This grant of insurance coverage was subject to various exclusions, including an Endorsement to the policy entitled "Exclusion - Injury to Employees, Contractors, Volunteers and Other Workers" which stated this insurance did not apply to:

> **e.    Injury to Employees, Contractors, Volunteers and Other Workers**
>
> "Bodily injury" to:
>
> **(1)**   "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or
>
> **(2)**   Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors
>
> arising out of and in the course of:
>
> (a)   Employment by any insured; or
>
> (b)   Directly or indirectly performing duties related to the conduct of any insured's business; or
>
> **(3)**   The spouse, child, parent, brother or sister of that "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, seasonal worker, contractor, subcontractors, or independent contractor arising out of Paragraph (1) or (2) above.
>
> This exclusion applies:
>
> **(1)**   Regardless of where the:
>
> (a)   Services are performed; or
>
> (b)   "Bodily injury" occurs; and
>
> **(2)**   Whether any insured may be liable as an employer or in any other capacity; and
>
> **(3)**   To any obligation to share damages with or repay someone else who must pay damages because of the injury.

### *The Underlying Claim*

13. On November 30, 2017, Segundo Mayancela filed suit against Horan Building in the Newport County Superior Court in Newport, Rhode Island (the "Mayancela Suit"). A complete and authentic copy of the Mayancela Suit is attached as Exhibit B to this Complaint.

14. The Mayancela Suit alleged that Mayancela suffered serious personal injuries on November 25, 2014 when he fell from the roof of a job site at 2 Ocean Lawn Lane in Newport. (Exhibit B, Paragraph 8).

15. Mayancela alleges that he was working at the Ocean Lawn job site as an employee of Walter Hurtado d/b/a Hurtado Construction, the roofing subcontractor on the Ocean Lawn project. (Exhibit B, Paragraph 4).

16. The Mayancela Suit alleges that Horan Building was the prime and/or general contractor for the work at the Ocean Lawn job site (Exhibit B, Paragraph 5).

17. Mayancela alleges that Horan Building failed to maintain safe working conditions at the Ocean Lawn job site and failure to perform in accordance with relevant OSHA regulations.

### *The Nautilus Coverage Determination*

18. The defense of the Mayancela Suit was tendered to Nautilus on December 15, 2017.

19. On February 7, 2018 and again on May 22, 2018, Nautilus advised Horan Building that it had hired the LaSalle & Kelleher law firm to defend it in the Mayancela Suit pursuant to a full reservation of its rights with respect to whether the Nautilus Policy provides insurance coverage for these claims.

20. A complete and authentic copy of the February 7, 2018 reservation of rights letter is attached as Exhibit C to this Complaint.

21. A complete and authentic copy of the May 22, 2018 reservation of rights letter is attached as Exhibit D to this Complaint.

## Count for Declaratory Judgment

22. Nautilus incorporates by reference all allegations contained in the preceding paragraphs of the Complaint as if fully realleged and restated herein.

23. The "Injury to Employees, Contractors, Volunteers and Other Workers" exclusion endorsement stated that the Nautilus Policy did not apply to bodily injuries to the employee of "any insured's contractors, subcontractors, or independent contractors that arise "out of and in the course of (a) employment by any insured; or (b) directly or indirectly performing duties related to the conduct of any insured's business."

24. At the time of his November 25, 2014 accident, Mayancela was employed by Walter Hurtado d/b/a Hurtado Construction.

25. At the time of the accident, Hurtado was the roofing subcontractor on the Ocean Lawn project.

26. It is Mayancela's contention that Horan Building was "the prime and/or general contractor" for the Ocean Lawn project.

27. There is no coverage for this law suit against Horan Building because the services that Mayancela was performing on the roof at the Ocean Lawn job site at the time of his accident were directly or indirectly related to the business of Horan Building, the prime and/or general contractor for the Ocean Lawn project.

28. In light of this exclusion, Nautilus has no duty to provide a defense to Horan Building for the Mayancela Suit or to indemnify it for any judgment or award of damages arising out of this suit.

**WHEREFORE**, Plaintiff, Nautilus Insurance Company, respectfully requests that the Court enter a declaratory judgment under 28 U.S.C. § 2201 and 28 U.S.C. § 2202 determining and declaring that it does not have a duty under the Nautilus Policy to defend or indemnify Horan Building with respect to the Mayancela Suit and for such other and further relief as this Honorable Court may deem just and equitable.

Dated:  July 24, 2018

**NAUTILUS INSURANCE COMPANY**,

By its Attorneys,

**MORRISON MAHONEY LLP**

*/s/ Clark W. Yudysky*
*/s/ Thomas M. Robinson*

Clark W. Yudysky, Esquire (#8065)
Thomas M. Robinson, Esquire (#6193)
10 Weybosset Street, Suite 900
Providence, RI  02903-7141
Telephone:     (401) 331-4660
Fax:                (401) 351-4420
cyudysky@morrisonmahoney.com
*trobinson@morrisonmahoney.com*